IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: Lawsuits initiated by JOHN T. WILLIAMS,  Plaintiff. | CIVIL ACTION NOS. 1:25-cv-01256-MHC; 1:25-cv-01319-MHC; 1:25-cv-01320-MHC |

## **ORDER**

In the last week, Plaintiff John T. Williams has filed these three separate actions. In each case, he has filed an application to proceed *in forma pauperis* ("*IFP*") with his complaint. And in each case, his allegations are essentially the same. He claims government departments, officials, and agents (as variously named) wrongfully seized and foreclosed upon two of his properties in connection with an unauthorized forfeiture proceeding related to a prior criminal conviction.[1]

The claims are frivolous. Forfeiture is a portion of a defendant's sentence, and it must be challenged through a direct criminal appeal or habeas proceeding. *See Libretti v. United States*, 516 U.S. 29, 39 (1995) ("[C]riminal forfeiture [is] an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Mincey*, 800 F. App'x 714, 720–26 (11th Cir. 2020) (affirming forfeiture proceedings on direct criminal appeal of a defendant's conviction and sentence). In

---

[1] Plaintiff recently filed a fourth *IFP* action, *Williams v. State of Georgia et al.*, Case No. 1:25-cv-01257-MHC (filed Mar. 7, 2025), but District Judge Cohen has already dismissed the case as frivolous. *See id.*, ECF Doc. 4.

other words, Plaintiff cannot file civil actions to challenge alleged errors by the criminal court and government surrounding his criminal conviction or forfeiture proceedings. *See Cooper v. U.S. Dep't of Treasury, Drug Enf't Agency, Asset & Forfeiture Section*, No. 05-14417, 2006 WL 637817, at *2 (11th Cir. Mar. 15, 2006) (holding that a plaintiff could not challenge his sentence in a later civil proceeding).

Moreover, the Court has seen Plaintiff's claims before.[2] And he has been warned multiple times against duplicative or frivolous litigation. *See Williams v. Bank United et al.*, No. 1:23-cv-03624-VMC, ECF Doc. 6 at 13–15 (R. & R. summarizing past litigation and warnings). Indeed, given his litigative history, in April 2024, District Judge Calvert imposed a filing injunction enjoining Plaintiff from filing any new *IFP* applications related to his criminal conviction without first seeking leave of Court. *See id.*, ECF Doc. 10. In imposing the injunction, Judge Calvert explained that Plaintiff's "abusive and vexatious conduct . . . has encroached and is encroaching on the judicial machinery needed by other litigants." *Id.* at 13.

The undersigned previously granted Plaintiff's *IFP* application in Case No. 1:25-cv-01256-MHC. After consideration of Plaintiff's *IFP* affidavits in Case Nos. 1:25-cv-01319-MHC and 1:25-cv-01320-MHC, the undersigned likewise **GRANTS** the *IFP* applications in those cases.

However, for the reasons described above, and given Plaintiff's vexatious

---

[2] *See, e.g., Williams v. State of Georgia et al.*, Case No. 1:25-cv-01257-MHC; *Williams v. Bank United et al.*, No. 1:24-cv-05940-VMC (R. & R. to dismiss pending); *Williams v. Bank United et al.*, No. 1:23-cv-03624-VMC, ECF Doc. 6 at 8–9 (R. & R. summarizing Plaintiff's prior forfeiture-related actions).

litigative history, the undersigned:

1. **RECOMMENDS** that all three captioned cases (1:25-cv-01256-MHC; 1:25-cv-01319-MHC; 1:25-cv-01320-MHC) be **DISMISSED AS FRIVOLOUS**;

2. **RECOMMENDS** that the existing filing injunction be clarified and/or expanded to encompass challenges to Plaintiff's forfeiture proceedings. In other words, the undersigned **RECOMMENDS** that Plaintiff be enjoined from filing any new *IFP* applications related to his forfeiture proceedings without first seeking Court leave; and

3. **ORDERS** that Plaintiff include reference to the Court's filing injunction in all future complaints and cover sheets.

IT IS SO **ORDERED** and **RECOMMENDED** on this 17th day of March 2025.

_____
REGINA D. CANNON
United States Magistrate Judge